UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YASMEEN HARRISON ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> AMAZON.COM SERVICES, LLC, ) <br> ) <br> Defendant. ) <br> ) | Case: 1:24-cv-01423 <br><br> Jury Trial Demanded |

## COMPLAINT

Plaintiff, Yasmeen Harrison ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Amazon.com Services, LLC ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*. ("Title VII") seeking redress for Defendant subjecting Plaintiff to sexual harassment, Defendant's discrimination on the basis of Plaintiff's sex, Defendant's retaliation against Plaintiff for engaging in protected activity, and failure to re-hire Plaintiff under Title VII.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b) insofar as Defendant

operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

5. A charge of employment discrimination on basis of sex, sexual harassment, and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights ("IDHR").  (attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

7. At all times material to the allegations of this Complaint, Plaintiff, Yasmeen Harrison resided in Cook County in the State of Illinois.

8. At all times material to the allegations in this Complaint, Defendant, Amazon.com Services, LLC was a limited liability company doing business in and for Cook County whose address is 2201 West 159th Street, Suite 1, Markham, IL 60428.

9. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

10. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. §2000e(b).

**BACKGROUND FACTS**

11. Plaintiff worked for Defendant as an ambassador for picks beginning on or around October 2021 until her unlawful termination on or around January 14, 2023 on the basis of sex.

12. Plaintiff met or exceeded Defendant's performance expectations during the entire duration of her employment.

13. Plaintiff is female and is a member of a protected class because of her sex.

14. Since at least January 2022 through January 14, 2023 Defendant has subjected Plaintiff to different terms and conditions of employment than others not within her protected class and has been subjected to a hostile work environment on the basis of sex in violation of Title VII.

15. In or around January 2022, Plaintiff began to be subjected to sexual harassment by Defendant's employee, Timothy Fields (male).

16. Plaintiff was constantly propositioned romantically and sexually by Mr. Fields, which was always unwelcomed and made her extremely uncomfortable.

17. Plaintiff was the only female employee to endure this sexually charged treatment by Mr. Fields.

18. Eventually, sometime following January 2022, Plaintiff engaged in protected activity and filed a complaint against Mr. Fields to Defendant's upper management.

19. Defendant assured Plaintiff that it would handle the situation and initiate an investigation; however, no further action was taken and Plaintiff was never followed up with again regarding Mr. Fields's behavior.

20. As a result of Defendant failing to investigate or take remedial measures to protect Plaintiff from further sexual harassment, Mr. Fields's singling out of Plaintiff continued.

21. In or around December 2022, while Plaintiff was continuing to suffer Mr. Fields's sexual advances in silence, she eventually confided in a coworker.

22. Plaintiff confided in the coworker that she was very uncomfortable around Mr. Fields as a result of the sexual harassment he subjected her to.

23. Unfortunately, Mr. Field's overheard Plaintiff's private conversation with her coworker.

24. Later that day, Mr. Fields waited for Plaintiff outside of Defendant's building for her to clock out and aggressively confronted her regarding her conversation with the coworker about him.

25. Mr. Fields was irate that Plaintiff was disclosing his sexually disparate treatment of her to another employee, and threatened that she stop doing so.

26. Mr. Fields also began to make sexually explicit remarks towards Plaintiff, imploring her to perform several sexual acts in a domineering manner.

27. This confrontation terrified Plaintiff, as she feared what would have happened had Mr. Fields escalated the situation physically.

28. As a result, Plaintiff again appealed to Defendant to intervene and filed a report against Mr. Fields the day after the altercation.

29. Again, Defendant assured Plaintiff that they "would work on it."

30. Later that same day, Plaintiff was placed on an unpaid suspension, pending the investigation for a confrontation that she did not instigate.

31. On or around January 14, 2023, Plaintiff was ultimately terminated as a result of engaging in protected activity and reporting sex-based unlawful treatment.

32. Defendant claimed that Plaintiff was discharged for "making threats," an accusation Plaintiff vehemently denies.

33. Upon information and belief, Mr. Fields suffered zero repercussions as a result of Plaintiff's numerous reports filed against him.

34. This disparity in handling the offending male employee and Plaintiff, the victim female employee is evidence of Defendant's favoritism for male employees over employees in Plaintiff's protected class.

35. Even more, Plaintiff was advised by Defendant's own HR department to not appeal her termination and instead wait 90 days to reapply for her job position.

36. Plaintiff, assuming Defendant had her best interests in mind, complied with its request and reapplied for employment after waiting 90 days.

37. Despite this, Plaintiff's application for reemployment was denied as to all of Defendant's locations.

38. Defendant claimed that Plaintiff was "ineligible" for re-hire as a result of engaging in verbal altercations and fighting.

39. Plaintiff denies both of Defendant's claims as out-of-context, as Plaintiff was in an altercation with Mr. Fields who became angry when she did not assent to his incessant sexual advances.

40. Plaintiff was effectively "blacklisted" from re-employment despite Defendant's request that Plaintiff reapply and despite Defendant's recommendation that Plaintiff abstain from appealing her retaliatory termination.

41. Other, non-female employees were not subject to this same treatment.

42. Plaintiff was unlawfully terminated because of her sex, (female) on January 14, 2023.

43. Plaintiff was retaliated against when she was denied reemployment 90 days following her retaliatory discharge on account of sex.

44. Plaintiff was retaliated against and her employment was ultimately terminated for opposing unlawful discrimination and for exercising her protected rights.

45. Plaintiff reported the sexual harassment and/or sexual assault to Defendant.

46. Plaintiff was targeted for termination because of her sex and reporting of illegal activity.

47. Plaintiff suffered multiple adverse employment actions including, but not limited to, being terminated.

48. There is a basis for employer liability for the sexual harassment that Plaintiff was subjected to.

49. Plaintiff can show that she engaged in statutorily protected activity –a necessary component of her retaliation claim- because Plaintiff lodged complaints directly to Defendant's HR department about the harassment.

## COUNT I
### Violation of Title VII of the Civil Rights Act
### (Sexual Harassment)

50. Plaintiff repeats and re-alleges paragraphs 1-49 as if fully stated herein.

51. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to sexual harassment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

52. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of

1964, as amended, 42 U.S.C. §2000e, *et seq.*, due to Plaintiff's sex, female.

53. Defendant knew or should have known of the harassment.

54. The sexual harassment was severe or pervasive.

55. The sexual harassment was offensive subjectively and objectively.

56. The sexual harassment was unwelcomed.

57. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

58. As a direct and proximate result of the sexual harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT II
### Violation of Title VII of the Civil Rights Act of 1964
### (Sex-Based Discrimination)

59. Plaintiff repeats and re-alleges paragraphs 1-49 as if fully stated herein.

60. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's sex in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

61. Plaintiff met or exceeded performance expectations.

62. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

63. Defendant terminated Plaintiff's employment on the basis of Plaintiff's sex.

64. Plaintiff is a member of a protected class under Title VII due to Plaintiff's sex.

65. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

66. As a direct and proximate result of the discrimination described above, Plaintiff

has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT III
### Violation of Title VII of the Civil Rights Act of 1964
### (Failure to Re-Hire on the Basis of Sex)

67. Plaintiff repeats and re-alleges paragraphs 1-49 as if fully stated herein.

68. Plaintiff is a member of a protected class under Title VII, due to Plaintiff's sex.

69. Plaintiff was qualified for the open position of ambassador for picks.

70. Plaintiff was denied the position on the basis of sex.

71. Upon information and belief, the position Plaintiff applied for was filled with a person not within her protected class (female) with similar or lesser qualifications.

72. By virtue of the conduct alleged herein, Defendant failed to re-hire Plaintiff based on Plaintiff's sex, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

73. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT IV
### Violation of Title VII of the Civil Rights Act
### (Retaliation)

74. Plaintiff repeats and re-alleges paragraphs 1-49 as if fully stated herein.

75. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

76. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about sexual harassment and/or sex-based discrimination.

77. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

78. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of sexual harassment and/or sex-based discrimination.

79. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and/or harassing conduct complained of by Plaintiff.

80. Plaintiff's suffered an adverse employment action in retaliation for engaging in a protected activity.

81. By virtue of the foregoing, Defendant retaliated against Plaintiff based on reporting the sexual harassment and/or sex-based discrimination thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

82. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

83. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages for emotional pain and suffering;

    e.    Pre-judgment and post-judgment interest;

    f.    Injunctive relief;

    g.    Liquidated damages;

    h.    Punitive damages;

    i.    Reasonable attorney's fees and costs; and

    j.    For any other relief this Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 20th day of February 2024.

*/s/ Nathan C. Volheim*
**NATHAN C. VOLHEIM, ESQ.**
IL Bar No.: 6302103
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
nvolheim@sulaimanlaw.com
*Attorney for Plaintiff*

*/s/ Chad W. Eisenback*
**CHAD W. EISENBACK, ESQ.**
IL Bar No.: 6340657
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 307 - 7632
Fax (630) 575 - 8188
ceisenback@sulaimanlaw.com
*Attorney for Plaintiff*